221-11

STATE OF MAINE                          SUPERIOR COURT
WALDO, ss                               Civil Action
                                        Docket No. BEL-SC–RE–10-15

Deutsche Bank National Trust Company, as        )
Trustee for Home Loan Mortgage Loan Trust       )
2006-1,                                          )
                                                )
                    Plaintiff                   )
                                                )
            vs.                                 )
                                                )
James Wright and Lisa Wright,                   )
                                                )
                    Defendants                  )

### JUDGMENT OF FORECLOSURE AND SALE
(Title to Real Estate is Involved)
**Mortgage recorded in Waldo County Registry of Deeds in Book 3030, Page 310.
Street Address:  50 Pond Lane, Morrill, Maine**

This matter came before the Court on Plaintiff's Motion for Summary Judgment.  (After hearing) (Pursuant to Rule 7(c)), Plaintiff's Motion for Summary Judgment is granted.  Based upon the pleadings and affidavits, the Court finds as follows:

1.  That Defendants have breached the condition of Plaintiff's mortgage dated December 20, 2006, and recorded in the Waldo County Registry of Deeds in Book 3030, Page 310.

2.    As of January 31, 2011, the amount due under the terms of said Note and Mortgage is:

| | |
|---|---|
| Principal | $ 136,377.25 |
| Accrued Interest | 22,040.71 |
| Late Charges | 1,808.07 |
| Corporate Advances | 2,008.00 |
| Suspense | (542.25) |
| **TOTAL** | **$161,691.78** |

Additional interest is continuing to accrue on said principal balance at the note rate of 8.75% per annum.

Pursuant to 14 M.R.S.A. § 1602-C, the prejudgment interest rate is 8.75% per annum of said principal balance and the post-judgment interest rate is 8.75% per annum.

3.  Plaintiff is awarded Attorney's Fees in the amount of $1,250.00 and Attorney's Disbursements in the amount of $1265.92. Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security.

4.  The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST: The Plaintiff, by virtue of its mortgage in the above amounts and attorneys fees.

SECOND: The Defendants for the surplus, if any.

5.  The Servicemembers Civil Relief Act does not apply in this action because Defendants have filed an answer.

6.  The Plaintiff's claim for attorney's fees is integral to the relief sought, within the meaning of Rule 54(b)(2) M.R.Civ.P., and there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, because said fees are based on a flat fee agreement.

**WHEREFORE**, it is hereby ordered and decreed that if Defendants do not pay the Plaintiff the amount due, together with accrued interest and late charges as set forth above, within ninety days of the date hereof, Plaintiff shall sell the mortgaged real estate pursuant to 14 M.R.S.A. §6321 et seq. and disburse the proceeds of said sale after deducting the expenses thereof, in the amounts and priorities as determined above.

Plaintiff is granted exclusive possession of the real estate mortgaged to it upon expiration of the statutory ninety (90) day redemption period. A Writ of Possession shall be issued to Plaintiff for possession of said real estate if it is not redeemed, as aforesaid.

The following provisions are set forth pursuant to 14 M.R.S.A.§2401:

1.  The names and addresses, if known, of all parties to the action, including the counsel of record, are set forth in Schedule A attached hereto.

2.  The docket number is BEL-SC-RE-10-15.

3.  The Court finds that all parties have received notice of the proceeding in accordance with the applicable provisions of the Maine Rules of Civil Procedure. Such notice was not given pursuant to an Order of Court.

4.  The street address and a description of the real estate involved is set forth in Schedule B attached hereto.

5.  The Plaintiff is responsible for recording the attested copy of the judgment and for paying the appropriate recording fees.

The Clerk is hereby directed to enter this Judgment as a final judgment pursuant to Rule 54(b)(1).

The Clerk is specifically directed pursuant to M.R.Civ.P. Rule 79(a) to enter this Judgment on the civil docket by a notation incorporating it by reference.

DATED: 5/12/11

_____
Judge, Superior Court

**Date entered in the docket book:** May 13, 2011